**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| THE BURLINGTON INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | No. 09 CV 5280 |
| v. | ) ) | Hon. Amy J. St. Eve |
| ROBERT BAREFIELD and SHANTA MAGEE as Co-Special Administrators of the Estate of ROBERT BAREFIELD II, Deceased, and ONE STOP LIQUOR & BAR a/k/a/ A&R LIQUORS, INC., GP L.L.C., | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

On August 27, 2009, The Burlington Insurance Company filed a complaint with this Court, seeking declaratory judgment that its commercial, general-liability policy does not provide coverage for the matters alleged in a separate lawsuit, which is pending in the Twelfth Judicial Circuit of Will County. It also sought declaratory judgment that it is neither obligated to furnish a defense to One Stop Liquor and Bar nor is it required to pay any judgment entered in that case. (R. 1.) The Court granted default judgment in Burlington's favor against Defendant One Stop Liquor and Bar on May 11, 2010, but declined to grant such judgment against Defendants Robert Barefield and Shanta Magee because, unlike One Stop, they had answered the complaint. (R. 29.) Burlington now moves for summary judgment against Barefield and Magee, arguing that the discovery taken in the case, coupled with the Court's prior entry of default

1

judgment against One Stop, demonstrates that it is entitled to declaratory judgment. For the following reasons, the Court's grants Burlington's motion for summary judgment.

## BACKGROUND

### I. Northern District of Illinois Local Rule 56.1

Plaintiff, Burlington, timely filed its Local Rule 56.1 statement of undisputed facts in support of its motion for summary judgment. (R. 62.) Defendants, however, failed to abide by Local Rule 56.1(b), which requires each party opposing a motion filed pursuant to Fed. R. Civ. P. 56 to serve and file a response to the movant's Rule 56.1 statement. N.D. Ill. L.R. 56.1(b).

When determining summary-judgment motions, the Court derives the background facts from the parties' Local Rule 56.1 statements. Specifically, Local Rule 56.1 assists the Court by "organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side propose[s] to prove a disputed fact with admissible evidence." *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir. 2000). Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the moving party contends there is no genuine issue." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009). "The opposing party is required to file 'a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." *Id.* (citing N.D. Ill. L.R. 56.1(b)(3)(B)). In addition, Local Rule 56.1(b)(3)(C) requires the nonmoving party to present a separate statement of any additional facts that require the denial of summary judgment. *See Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 643-44 (7th Cir. 2008).

Defendants have failed to file a proper Rule 56.1(b)(3)(B) response to Plaintiff's Rule 56.1(a)(3) statement of facts. The Court therefore deems Plaintiff's supported factual assertions to be admitted. *See Rao v. BP Prods. N. Am., Inc.*, 589 F.3d 389, 393 (7th Cir. 2009); N.D. Ill. L.R. 56.1(b)(3)(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."); *see also Raymond v. Ameritech Corp.*, 442 F.3d 600, 604 (7th Cir. 2006) ("[D]istrict courts are entitled to expect strict compliance with Local Rule 56.1.").

## II.     Relevant Facts

Accepting Burlington's Rule 56.1 statement of facts as true, the relevant background is as follows: Defendant One Stop Liquor is a liquor business establishment in the city of Lockport, Illinois. (R. 62 at 1.) On August 21, 2007, the owner of One Stop Liquor, Andrea Abdelghani, completed an application for insurance with Plaintiff Burlington that would incept on September 1, 2007. (*Id.* at 5.) Ms. Abdelghani knew that she had no coverage in place on the day she completed that particular insurance application. (*Id.*) On August 26, 2007, One Stop Liquor bore witness to a shooting in which Robert Barefield, II, a person under the age of 21, was killed. (*Id.* at 4). Either one or two days later, One Stop Liquor suffered damage from a fire, which was started in retaliation for the shooting in which Robert Barefield, II was killed. (*Id.* at 4, 6.)

Ms. Abdelghani learned of these events on August 28, 2007. (*Id.* at 5.) Knowing that she had no coverage for either event, on August 29, 2007, Ms. Abdelghani requested that Burlington backdate the effective backdate of the policy that was to become effective on September 1, 2007, to August 21, 2007. (*Id.* at 1, 5). In support of her request, she explained that the policy had to be backdated because the Will County Liquor Commission required the

3

policy. (*Id.* at 5.) When asked, Ms. Abdelghani specifically denied that One Stop Liquor had any losses, and explained that the sole reason for the change in effective date was to satisfy Will County Liquor Commission requirements. (*Id.* at 5-6.) Based on those representations, Burlington backdated the coverage to August 21, 2007.

In August 2008, Robert Barefield and Shanta Magee, co-special administrators of Robert Barefield II's estate, filed a state-court, civil lawsuit against One Stop Liquor, seeking damages for Robert's death on August 26, 2007. (R. 1 at ¶ 17.) The complaint sought recovery pursuant to five counts, which consisted of negligence, wrongful death, survival, the recovery of funeral, burial, and medical expenses, and a Dram Shop claim. (R. 62 at 4.) Barefield and Magee sought coverage for their complaint under the policy Burlington issued to One Stop Liquor. (*Id.* at 5.) Burlington denied coverage. (*Id.*)

Burlington brought this suit on August 27, 2009, seeking declaratory judgment that its commercial, general-liability policy does not provide coverage for the matters alleged in the above-mentioned state-court action, that it is not obligated to furnish a defense to One Stop Liquor and Bar in that case, and that it is not required to pay any judgment entered in that matter.

On May 11, 2010, the Court entered default judgment against One Stop Liquor on Burlington's claim for reformation of the policy to reflect a September 1, 2007, effective date. (R. 29.) It did so on the ground of One Stop's misrepresentation regarding known losses at the time Burlington agreed to revise the effective date of the policy. (*Id.* at 3.) Since the insurance policy was not in effect on August 26, 2010, through August, 28, 2010—the period in which the fatal shooting and subsequent fire occurred—the Court held that Burlington has no duty to defend or indemnify One Stop in Barefield and Magee's underlying state-court action. (*Id.*) The

4

Court declined to enter an order of default judgment terminating the matter as to Barefield and Magee, however, because they had answered the complaint. (*Id.*)

On September 3, 2010, Burlington filed the motion for summary judgment that is presently before the Court. (R. 60.) The matter now being fully briefed, the Court rules as follows.

**LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining summary-judgment motions, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (quotation omitted); *see also* Fed. R. Civ. P. 56(e)(2) (requiring adverse party to "set out specific facts").

**ANALYSIS**

**I.    There Is No Genuine Issue That Burlington Backdated the Relevant Policy in Response to a Fraudulent Misrepresentation**

Burlington is entitled to summary judgment if the general commercial-liability insurance policy it issued to One Stop Liquor did not become effective until September 1, 2007. This is

5

because the shooting death of Robert Barefield, II and the ensuing fire at One Stop Liquor occurred between August 26, 2007, and August, 28, 2007. (R. 62 at 4, 6.) Ms. Abdelghani submitted an application for insurance to Burlington on August 21, 2007, for coverage effective on September 1, 2007. (*Id.* at 5.) She knew that this was the date upon which the insurance would incept. (*Id.*) When she learned of the shooting and the fire, Ms. Abdelghani knew that the policy did not cover either event. (*Id.*) The very next day, on August 29, 2007, she requested that Burlington backdate coverage under the policy to August 21, 2007. (*Id.*) In making the request, Ms. Abdelghani denied that there were any losses and informed Plaintiff that the sole purpose of the change was to satisfy regulatory requirements. (*Id.*) In agreeing to backdate the policy to August 21, 2007, Burlington relied on Ms. Abdelghani's representations. (*Id.* at 6.)

In opposing Burlington's summary-judgment motion, Defendants Barefield and Magee attempt to dispute these facts. Their efforts to do so, however, are unavailing in light of their failure to satisfy the strictures of Local Rule 56.1. Nor can Defendants establish that Burlington's Rule 56.1 statement of undisputed facts was unsupported by evidence in the factual record. *Cf. Woods v. Southwest Airlines Co.*, 523 F. Supp. 2d 812 (N.D. Ill. 2007) (noting that the court will disregard any alleged facts or purported denials that are unsupported by the record) (citing *Brasic v. Heinemann's, Inc.*, 121 F.3d 281, 284 (7th Cir. 1997)).

First, Defendants appeal to Ms. Abdelghani's deposition testimony of August 4, 2010, contending that it does not demonstrate that she gave a knowing misrepresentation to effect a backdating of the policy. (R. 66 at 2-5.) That testimony, Defendants submit, reveals that Ms. Abdelghani was never told that the insurance would come into effect on September 1, 2007, that

6

she was told that the actual inception date was August 21, 2007, and that she thought that the insurance would in fact begin on August 21, 2007. (*Id.* at 2-3.)

Ms. Abdelghani did testify that she believed that the insurance she purchased on August 21, 2007, was operative as of that date. (R. 62-2 at 9.) Her testimony does not benefit Defendants, however, for it does not speak to the operative questions, namely whether Ms. Abdelghani knew that One Stop Liquor did not have coverage at the time of the shooting and subsequent fire, and whether this knowledge led her to ask Burlington to backdate her insurance while denying the existence of any losses. Indeed, the same deposition testimony makes clear that Ms. Abdelghani was perfectly aware that One Stop Liquor was not insured as of the date of the shooting death of Robert Barefield, II, and the ensuing fire:

> A. I don't know if he told us that. But I do know that we weren't insured.
> Q. Why do you know that you were not insured?
> A. Because after our fire, is when Ahmad tried, you know, went -- went and tried to get this check back.
> . . .
> I remember clearly the night of the fire, I went cra -- the night of the shooting, I went crazy telling Ahmad, 'We don't have insurance, you know. We're screwed. I'm going to get sued.' I mean I was panicking. So that means, at that time, I knew I didn't have insurance.

(*Id.* at 9.)

Ms. Abdelghani went on to testify that Ahmad (her fiancé) spoke to Burlington's representative, telling him that One Stop Liquor needed proof of insurance for the relevant liquor licenses. (*Id.* at 10.) When later asked the question "[h]ave you guys had any losses," Ms. Abdelghani testified that "[o]f course, we told him, no."

Far from revealing Burlington's Rule 56.1 statement to be unsupported by evidence in the record, Ms. Abdelghani's deposition testimony carries quite the opposite effect. It strongly

7

bolsters the accuracy of the factual contentions portrayed by Plaintiff as undisputed.

Defendants' second effort to reveal a genuine issue of material fact is no more availing. They challenge the propriety of Ms. Abdelghani's declaration, which underlies Burlington's Rule 56.1 statement. (R. 66 at 2-4.) Notably, that particular declaration *preceded* Ms. Abdelghani's deposition of August 4, 2010. (R. 62-2 at 1-14.) Thus, Defendants cannot nullify its contents on the ground of its being both inconsistent with, and created after, Ms. Abdelghani's deposition. *Cf. LaFary v. Rogers Group, Inc.*, 591 F.3d 903, 908 (7th Cir. 2010) (holding that a "plaintiff cannot defeat a motion for summary judgment by 'contradicting deposition testimony with later-filed contradictory affidavits'") (quoting *Ineichen v. Ameritech*, 410 F.3d 956, 963 (7th Cir. 2005)).

Barefield and Magee attack Ms. Abdelghani's July 12, 2010, declaration on a different ground. They contend that, because Burlington did not disclose it in a timely manner and because they were prejudiced by that failure, the Court should strike the declaration. (*Id.* at 3-4.) The Court agrees with Burlington, however, that Defendants did not suffer prejudice because the substantive content of the declaration did not differ materially from Ms. Abdelghani's subsequent deposition testimony.[1] For that reason, the Court declines to strike the declaration.

Third, Defendants try to demonstrate a factual dispute by appealing to the depositions of

---

[1] Burlington argues in reply that the document requests served on it by Defendants did not call for the production of the declaration. (R. 68 at 4.) This may be an accurate characterization of the document requests (R. 68-1 at 2-3.), but Burlington's argument omits reference to Federal Rule of Civil Procedure 26, which requires a party to provide the other parties with a copy of all documents that the disclosing party has in its possession, custody, or control and may use to supports its claims or defenses. Fed. R. Civ. P. 26(a)(1)(A)(ii). Since Burlington used the declaration in support of its motion for summary judgment, it ought to have produced a copy independent of any document request. *See* Fed. R. Civ. P. 26(e) (requiring supplemental disclosure to a disclosure made under Rule 26(a)).

8

Brian Mikan and Chad Reno. (R. 66 at 4-5.) Mr. Mikan and Mr. Reno were employees of Gee-Schussler Insurance, which was the insurance broker with which Ms. Abdelghani dealt. (R. 62-3 at 3-4.) Defendants contend that Mr. Reno met with Ms. Abdelghani and presented her with the relevant insurance documents. They point to his deposition testimony to the effect that the proposed effective date on the application states August 21, 2007, that he did not know who filled out the date, and that he did know whether the effective date of coverage was August 21 or September 1 of that year. (*Id.* at 4.; R. 66-4 at 5, 8.) From this, Defendants surmise that "[f]or all we know, since the effective date was not in Mr. Reno's handwriting, Mr. Mikan wrote the effective date of coverage of 9/1 after learning of the incidents." (R. 66 at 5.)

Such speculation is insufficient to demonstrate a genuine issue of material fact. *See, e.g.*, *Rockwell Automation, Inc. v. Nat'l Union Fire Ins. Co.*, PA, 544 F.3d 752, 757 (7th Cir. 2008) (holding that "mere speculation or conjecture will not defeat a summary judgment motion") (quoting *McCoy v. Harrison*, 341 F.3d 600, 604 (7th Cir. 2003)). This principle surely applies *a fortiori* when the nonmoving party is responding not merely to a summary-judgment motion, but attempting to do so in a situation where she has failed to abide by Local Rule 56.1. Furthermore, as noted above, Ms. Abdelghani admitted that she knew she did not have insurance coverage at the time of the shooting and fire.

Finally, Defendants assert that an "issue of material fact exists based on the Plaintiff's failure to produce a signed application with the insured stating the effective date of 9/1." (R. 66 at 5.) They note Mr. Mikan's deposition testimony, which provided that the changing of the original effective date of 9/1 was responsible for the absence of a signed application. (Id.; R. 62-3 at 14.) Once more, "inferences that are supported by only speculation or conjecture" will not

9

suffice to create a genuine issue of fact precluding the entry of summary judgment. *See Rockwell*, 544 F.3d at 757. Defendants' failure to meet the requirements of Local Rule 56.1 requires the Court to accept all Plaintiff's supported factual contentions contained in its 56.1 statement as true. In such circumstances, there is no question that Defendants' focus on Burlington's supposed inability to produce a signed application falls far short of what is required of it as a nonmoving party to defeat a motion for summary judgment. *See also Harney v. Speedway SuperAmerica, L.L.C.*, 526 F.3d 1099, 1104 (7th Cir. 2008) (observing that "[i]t is not the duty of the court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which he relies.") (citing *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996)).

## II. Burlington Is Entitled to Reformation of the Insurance Contract

Burlington contends that the preceding undisputed facts entitle it to judgment as a matter of law. The Court agrees.

Illinois law provides that "mistake of one side [to a contract] and fraud on the other . . . may give rise to a claim for reformation of a written contract. *Czarobski v. Lata*, 882 N.E.2d 536, 541 (Ill. 2008); *see also Schons v. Monarch Ins. Co.*, 574 N.E.2d 83, 86 (Ill. App. 1991); *Briarcliffe Lakeside Townhouse Owners Ass'n v. City of Wheaton*, 524 N.E.2d 230, 235 (Ill. App. 1988); *Robacki v. Allstate Ins. Co.*, 468 N.E.2d 1251, 1254 (Ill. App. 1984); *Hartmann v. Prudential Ins. Co. of Am.*, 9 F.3d 1207, 1209 (7th Cir. 1993); *Board of Trustees of University of Illinois v. Insurance Corp. of Ireland, Ltd.*, 969 F.2d 329, 332 (7th Cir. 1992). Since there is no genuine issue that Ms. Abdelghani induced Burlington to backdate its policy by fraudulently

10

representing the absence of any events after signing the insurance contract, Plaintiff is entitled to reform the contract to reflect the originally contemplated inception date of September 1, 2007. Because there was no insurance policy in place at the time of Robert Barefield II's death and the subsequent fire at One Stop Liquor, Burlington is entitled to summary judgment on all counts of its declaratory action against Defendants Barefield and Magee.[2]

**CONCLUSION**

For the foregoing reasons, the Court grants Burlington's motion for summary judgment.

Dated: October 28, 2010

                                      **ENTERED**

                                      */s/ Amy J. St. Eve*
                                      **AMY J. ST. EVE**
                                      **United States District Court Judge**

---

[2] Burlington also raised a variety of alternative arguments, including that the assault-or-battery and liquor-liability exclusions apply in its favor. (R. 61 at 5-10; R. 68 at 6-9.) In light of its determination that Burlington is entitled to summary judgment on the ground of equitable reformation, the Court sees no need to address these additional arguments.